**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,
              Plaintiff,

    v.                                                  Adv. Pro. No. 08-01789 (BRL)

                                                    SIPA LIQUIDATION

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,                                      (Substantively Consolidated)
              Defendant.
------------------------------------------------------------------X
In re:

BERNARD L. MADOFF,

              Debtor.
------------------------------------------------------------------X
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff
Investment Securities LLC,

              Plaintiff,

    v.                                                  Adv. Pro. No. 10-03114 (BRL)

ADELE FOX, individually and to the extent she
purports to represent a class of those similarly situated,
and SUSANNE STONE MARSHALL, individually
and to the extent she purports to represent a class of
those similarly situated,

              Defendants.
------------------------------------------------------------------X

APPEARANCES:

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone:    (212) 589-4200
Facsimile:    (212) 589-4201
<u>By</u>:    David J. Sheehan
       Deborah H. Renner
       Keith R. Murphy

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
A Professional Corporation
900 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
<u>By</u>: John H. Drucker
　　　Laurence May
　　　Nolan Shanahan

*Attorneys for Adele Fox, individually and on behalf of a similarly situated class*

BECKER & POLIAKOFF LLP
45 Broadway
New York, New York 10006
Telephone: (212) 599-3322
Facsimile: (212) 557-0295
<u>By</u>: Helen Davis Chaitman
　　　Peter W. Smith

*Attorneys for Susanne Stone Marshall, individually and on behalf of a similarly situated class*

Before: Hon. Burton R. Lifland
　　　　United States Bankruptcy Judge

## MEMORANDUM DECISION AND ORDER GRANTING TRUSTEE'S MOTION TO STRIKE

Before the Court is the motion (the "Motion") of Irving H. Picard, Esq. ("Trustee"), trustee for the substantively consolidated Securities Investor Protection Act ("SIPA") liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and Bernard L. Madoff ("Madoff"), seeking to strike issue number five ("Issue Five") and related documents from the statement of issues presented and the designation of the record on appeal filed by appellants Adele Fox and Susanne Stone Marshall, individually and to the extent they purport to represent a class of those similarly situated ("Appellants"), from this Court's May 3, 2010 decision in the above-referenced adversary proceeding. *See Picard v. Fox*, 429 B.R. 423 (Bankr. S.D.N.Y. 2010). The Fox appellants, joined by the Marshall appellants pursuant to a notice of joinder, oppose the Motion.

2

For the reasons set forth below and at oral argument, the Motion is granted.

## **BACKGROUND**

On May 3, 2010, this Court entered a decision granting the Trustee's motion to enforce the automatic stay and to preliminarily enjoin the Appellants from proceeding with putative class actions in the United States District Court for the District of Florida. In granting the Trustee's motion under, *inter alia*, sections 362 and 105(a) of the Bankruptcy Code (the "Code"), this Court held that Appellants violated the automatic stay by independently asserting claims belonging to the SIPA estate, thereby impairing this Court's jurisdiction over estate assets, interfering with the administration of the estate, and hindering the Trustee's settlement negotiations to the detriment of all Madoff victims. *See Fox*, 429 B.R. at 430–37.

On May 12, 2010, the Appellants appealed this decision to the United States District Court for the Southern District of New York (the "District Court"), and subsequently filed their Designation of the Items to be Included in the Record and Statement of the Issues to be Presented on Appeal (the "Designation of Items") on May 26, 2009. *See* Case No. 10-CV-4652-JGK, Dkt. No. 2 (S.D.N.Y. July 20, 2010). In response, the Trustee brought the instant Motion to strike Issue Five and related documents. Appellants have framed Issue Five as "[w]hether the Bankruptcy Court erred by not determining that the trustee . . . was barred by the doctrine of *in pari delecto* [sic] from pursuing the claims asserted by the Appellants in their complaints in Florida federal court against non-debtor third parties." *See* Designation of Items, Case No. 10-CV-4652-JGK, Dkt. No. 2 (S.D.N.Y. July 20, 2010). The District Court, pursuant to a so-ordered stipulation, suspended the appellate briefing schedule pending this Court's determination of the Motion (the "Stipulation"). *See* Stipulation and Order Modifying Schedule, Case No. 10-CV 4652-JGK, Dkt. No. 14 (S.D.N.Y. July 20, 2010).

3

**DISCUSSION**

    a. **Rule 8006 of the Federal Rules of Bankruptcy Procedure**

Preliminarily, the Court will indulge the Appellant's diversionary objection to this Court's jurisdiction to resolve the Motion, notwithstanding the Stipulation so-ordered by the District Court, signed by the Appellants, suspending briefing until this Court's determination of the merits of this Motion. Under Rule 8006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), an appellant must file both (1) "a designation of the items to be included in the record on appeal" and (2) "a statement of the issues to be presented." FED. R. BANKR. P. 8006. Courts in this Circuit have found that the bankruptcy court is the proper forum to resolve motions to strike documents designated on appeal. *See NWL Holdings, Inc. v. Eden Center, Inc. (In re Ames Dept. Stores, Inc.)*, 320 B.R. 518, 520 (Bankr. S.D.N.Y. 2005); *Metro North State Bank v. The Barrick Group, Inc. (In re The Barrick Group, Inc.)*, 100 B.R. 152, 154 (Bankr. D. Conn. 1989); *see also* 10 COLLIER ON BANKRUPTCY ¶ 8006.06 at 8006-7 (15th ed. rev. 2007). Indeed, the Appellants concede that "there is some precedent for the principle that a bankruptcy court can exercise its discretion to strike certain documents from the record." Appellants' Mem. of Law in Opp., p. 9. The sound reasoning behind this precedent is that "the bankruptcy court knows best what was before it and what it considered in making its ruling." *Ames*, 320 B.R. at 521. Likewise, with respect to issues presented, this Court "knows best" what legal issues were before it and relevant in making its ruling, and is "in the best position to know what was *not* considered." *Id.* (emphasis in original). As such, this Court may appropriately oversee the parties' designation of the record and exercise its discretion to strike irrelevant or prejudicial issues where necessary.

**b. Merits of the Motion**

Getting to the merits of the motion, the Court hereby strikes Issue Five and all documents filed in connection therewith. The specific documents sought to be stricken are certain pleadings filed in support of the Trustee's unrelated motion to substantively consolidate the multiple Madoff estates made on May 5, 2009, nearly one year prior to the Court's May 3, 2010 decision. *See* Case No. 08-1789, Dkt. Nos. 195–197. Courts in this Circuit have held that "if an item was not considered by the court, it should be stricken from the record on appeal." *Ames*, 320 B.R. at 521 (quoting *The Barrick Group*, 100 B.R. at 154). The pleadings regarding substantive consolidation were not considered by this Court in rendering its decision and thus were inappropriately designated to the record. In addition, they are completely irrelevant to any issue presented in connection with this appeal. The pleadings on the motion for consolidation were, and are, based upon factors totally extraneous to any factor brought before or considered by this Court. Similarly, Issue Five was raised neither by the Trustee, nor the Appellants in their papers or at oral argument.[1] *See Countrywide Home Loans, Inc. v. Collins*, No. 06-10890-RWZ, 2006 WL 1877090, at *1 (D. Mass. July 7, 2006) (striking issues presented on appeal that were not put before the lower court). Accordingly, Issue Five is likewise stricken, together with any related documents.

In addition, the doctrine of *in pari delicto* was and remains irrelevant to this Court's determination that the Appellants' causes of action were property of the estate for automatic stay purposes; "a trustee acquires prepetition claims as property of the estate under Bankruptcy Code § 541(a)(1) subject to whatever infirmities (such as an *in pari* delicto [sic] defense) that may have existed." *Grubin v. Rattet (In re Food Mgmt. Group, LLC)*, 380 B.R. 677, 693 (Bankr.

---

[1] Nor did the Appellants seek to bring this issue before the Court by filing a motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 9024. FED. R. CIV. P. 60(b); FED R. BANKR. P. 9024.

5

S.D.N.Y. 2008). In this hybrid proceeding under SIPA and the Code, the prepetition claims became property of the estate upon the commencement of the SIPA proceeding, subject to the automatic stay. *See* 11 U.S.C. § 362(a)(1), (3); 15 U.S.C. § 78fff(b) (applying chapter 3 of Title 11); *see also Fox*, 429 B.R. at 430. The Appellants violated the stay when they pursued these actions without seeking relief in this Court. *Fox*, 429 B.R. at 430. The issue of whether the Trustee is *in pari delicto* with the Debtor and therefore lacks standing under *Wagoner* would become relevant only if the Trustee were to actually attempt to assert the claims himself, and only in the confines of that action. *See Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114 (2d Cir. 1991) (holding that the chapter 11 trustee lacked standing to assert claims belonging to the estate where he was the plaintiff in the adversary proceeding before the court).[2] Appellants cannot properly ask the District Court to determine whether the Trustee, who is not a plaintiff, lacks standing to assert claims in a hypothetical adversary proceeding that was not before the Court.

Last, contrary to the Appellant's argument, striking Issue Five does not deprive the Appellants of their unwaivable right to contest this Court's subject matter jurisdiction, and thus is not a basis for denying the Trustee's Motion. The doctrine of *in pari delicto* and the decision in *Wagoner* have no bearing on this Court's subject matter jurisdiction over the Trustee's request for enforcement of the automatic stay and a preliminary injunction. Nothing in this Memorandum Decision and Order or the Court's May 3, 2010 decision precludes Appellants from arguing on appeal that this Court lacked subject matter jurisdiction to issue the preliminary

---

[2] The Second and Third Circuits, among other courts, have indicated concerns about the application of *Wagoner* and the *in pari delicto* doctrine. *See, e.g., Food Mgmt.*, 380 B.R. at 694, n.6. In fact, the Third Circuit certified issues concerning the *in pari delicto* doctrine to the highest court in Pennsylvania (see Robert A. Schwinger, *Law v. Equity: Second and Third Circuits Diverge on 'In Pari Delicto,'* NEW YORK LAW JOURNAL, July 27, 2010, at 4, which article curiously fails to observe that the Second Circuit similarly certified to the New York Court of Appeals issues concerning the adverse interest exception to the *Wagoner* Rule. *See Kirschner v. KPMG LLP*, 590 F.3d 186 (2d Cir. 2009)).

6

injunction and declare the Appellants in violation of the stay. Moreover, Issue Five and the *in pari delicto* doctrine are certainly not relevant to this Court's subject matter jurisdiction with respect to its 105(a) injunction holding, which alone was sufficient to warrant the preliminary injunction and enforcement of the stay. *See Fox*, 429 B.R. at 434–37.

## **CONCLUSION**

For the reasons set forth above and at oral argument, the Motion is hereby GRANTED in its entirety.

**IT IS SO ORDERED.**

Dated: New York, New York
       August 3, 2010

/s/ Burton R. Lifland
United States Bankruptcy Judge